UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| CLYDE E.L. MANSFIELD, | : | |
| Petitioner | : | No. 4:05-CV-00508 |
| | : | |
| vs. | : | (Petition Filed 03/10/05) |
| | : | |
| | : | (Judge Muir) |
| JOHN LAMER, | : | |
| Respondent | : | |

ORDER
March 21, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On May 13, 2004, Clyde E.L. Mansfield filed a petition for
writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United
States District Court for the Eastern District of North Carolina.
Mansfield is a military prisoner serving a 98-year term of
imprisonment for Premeditated Murder, in violation of 10 U.S.C. §
918, Article 118(1) of the Uniform Code of Military Justice.
Mansfield received a general court-martial conviction at Osan Air
Base in the Republic of Korea[1], for the premeditated murder of Yang
Chae-Song, his paramour's former husband.

Mansfield is presently in the custody of the Federal Bureau
of Prisons confined at the United States Penitentiary, Lewisburg,
Pennsylvania ("USP-Lewisburg").  His maximum sentence expiration

---

[1] Mansfield was assigned to Hawes Air Force Station,
California, but was on leave in the Republic of Korea at the time
of the death of Yang Chae-Song. The detailed facts surrounding the
petitioner's conviction may be found in United States v. Mansfield,
24 M.J. 611 (AFCMR 1987); United States v. Mansfield, 33 M.J. 972
(AFCMR 1991); and United States v. Mansfield, 38 M.J. 415 (CMA
1993).

date is July 18, 2082, and if he maintains good conduct his statutory release date is April 16, 2049.

At the time Mansfield filed the petition he was incarcerated at the Federal Medical Center in Butner, North Carolina.  On or about May 11, 2004, Mansfield was transferred to USP-Lewisburg.  On November 23, 2004, the District Court in North Carolina mistakenly transferred the case to the United States District Court for the Eastern District of Pennsylvania.  On February 2, 2005, the District Court in the Eastern District of Pennsylvania transferred the case to this district.  The file was received on or about March 10, 2005.

Petitioner litigates pro se.  Named as the sole respondent in this matter is Art F. Beeler, Warden of the Federal Medical Center, Butner, North Carolina.  In the petition Mansfield challenges the Bureau of Prison computation of his Good Conduct Time and the U.S. Parole Commissions' declination to set a two-thirds parole eligibility date.  Prior to this case being transferred to this district a motion to dismiss or for summary judgment was filed by the Government and fully briefed.  The matter is therefore ripe for disposition.

A review of the record reveals that the Federal Bureau of Prisons has correctly computed Mansfield's good conduct time.  There are two types of good conduct time that may be credited to Mansfield's sentence.  First, Military Good Time (MGT) is good conduct time provided by statute and awarded automatically unless disallowed or forfeited for disciplinary reasons. Such good conduct

time is awarded at a rate of 10 days per month of his sentence.   In Mansfield's case, he has been credited with 11,760 days or 32 years and 72 days of MGT.   Mansfield does not raise a challenge to the amount of MGT awarded.

Military Abatement Good Time (MAGT) is the second type of credit that may be applied to Mansfield's sentence.   MAGT is a type of extra good time credit that is awarded by the military for work performance.   Under Bureau of Prisons' regulations, the Bureau of Prisons provides information to the U.S. Army Disciplinary Barracks (ADB) regarding an inmate's work performance and the military determines how much if any MAGT will be awarded.   Mansfield has been awarded 386 days of MAGT.   The record reveals that the ADB has awarded discretionary MAGT to Mansfield on April 25, 2001 (304 days); on April 24, 2002 (43 days); and on August 24, 2004 (39 days).   There is no indication that Mansfield has been denied any good conduct time to which he is entitled by law.   Mansfield's claims regarding the calculation of his good conduct time is devoid of merit.

Mansfield also contends that the Parole Commission has failed to set a two-thirds mandatory parole eligibility date.   Even if the Parole Commission were required to calculate such a date, we do not see that Mansfield would be entitled to relief at this time.   The Bureau of Prisons has calculated a statutory release date which

appear to be very close to a two-thirds date. [2]   The statutory release date as noted above is April 16, 2049.

Pursuant to 18 U.S.C. § 4206(d), Mansfield does have the possibility of parole after serving 30 years of his sentence. Mansfield, however, has not yet completed 30 years of his sentence. Furthermore, section 4206(d) also provides an exception to release. The Parole Commission must first determine that Mansfield has not frequently violated institution rules, and must also determine that there is a reasonable probability that the prisoner will not commit any Federal, State or local crime. The issue of mandatory parole under section 4206(d) only arises at the point where Mansfield has served 30 years and the Commission has applied the criteria set forth in section 4206(d).  Any claim regarding mandatory parole is presently premature.[3]

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.   The petition for writ of habeas corpus is denied.

2.   The Clerk of Court shall close this case.

s/Malcolm Muir
MUIR
United States District Judge

MM:gs

---

[2]Mansfield is serving a sentence of 98 years.  Two-thirds of that sentence is 64.68 years. It is not clear when Mansfield's sentence commenced. Mansfield appears to contend it commenced in 1984 while the Government contends it commenced in 1987.  If we assume that Mansfield is correct the two-thirds date would be sometime in 2051.

[3]Assuming that Mansfield is correct and his sentence commenced in 1984, the mandatory parole date would be sometime in 2014.